IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01956-PAB

COREY SANDEL,

    Plaintiff,

v.

QUALITY STONE VENEER, INC.,
GLEN LENGACHER, and
GREG HADSELL,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on the Notice of Filing of Removal [Docket No. 1] and the Amended Notice of Removal [Docket No. 4] filed by defendants Quality Stone Veneer, Inc., Glen Lengacher, and Greg Hadsell.  On September 9, 2015, defendants removed Case No. 2015CV030574 from the District Court of Douglas County, Colorado to the United States District Court for the District of Colorado.  *See* Docket Nos. 1, 4-1 at 3.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Furthermore, "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ----, 135 S.Ct. 547 (2014).

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Neither defendants' notice nor their amended notice provides such a short and plain statement. This deficiency alone justifies remand. *See Colo. Dep't of Pub. Health & Env't v. Brauch*,

No. 11-cv-01757-BNB, 2011 WL 3844211, at *1 (D. Colo. Aug. 29, 2011) ("Most importantly, however, the Notice of Removal is deficient because Mr. Brauch fails to provide a short and plain statement of the grounds for removal that demonstrates this Court has jurisdiction over the instant action"); *Rice v. Rice*, 2010 WL 2090088, at *1 (D. Minn. May 21, 2010) (remanding case *sua sponte* where the notice of removal "does not contain a short and plain statement of the grounds for removal," among other defects) (citation omitted).

Even if defendants had complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446, the Court finds that defendants fail to establish that the Court has subject matter jurisdiction over this action. Plaintiff brings common law claims against defendants for breach of contract, quasi contract, civil theft, civil conspiracy, and intentional interference with contractual obligations. *See* Docket No. 3-1. Since plaintiff's allegations do not raise a federal question, defendants cannot claim removal jurisdiction pursuant to 28 U.S.C. § 1331. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (to be removable on federal question grounds, "a federal question must appear on the face of the plaintiff's complaint").

Further, neither the Notice of Removal nor the complaint establish that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides, in relevant part, that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." "The existence of all of the requisite facts supporting diversity jurisdiction must appear from the face of the complaint and/or the Notice of Removal." *Smith v. Locher*, No. 10-cv-00999-MSK, 2010

WL 2342475, at *1 (D. Colo. June 8, 2010) (citation omitted).  Both the notice of removal and the amended notice of removal are silent on the citizenship of the parties.  *See* Docket No. 1, 4.  Nor does a basis for diversity jurisdiction appear on the face of plaintiff's complaint.  The complaint states that plaintiff "resides" in Colorado, Docket No. 3-1 at 3, ¶ 1, and that defendants Lengacher and Hadsell are residents of Pennsylvania.  *Id.* ¶¶ 3-4.  But a natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides.  *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id.* at 1260.  Plaintiff's allegations, therefore, do not establish the citizenship of plaintiff or defendants Lengacher and Hadsell for purposes of diversity jurisdiction.  *Enserco Energy, LLC v. Baugues*, No. 14-cv-01548-RBJ, 2014 WL 3767060, at *2 (D. Colo. July 31, 2014) (where defendant only alleges the states in which he resides, "without more information the Court cannot determine [his] citizenship").

Finally, a notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee* 135 S.Ct. at 554.  Defendants provide no allegation that the amount in controversy in this matter exceeds $75,000, and no such allegation appears on the face of plaintiff's complaint.

Because defendants have not satisfied their burden of demonstrating this Court's subject matter jurisdiction, it is

**ORDERED** that this case is **REMANDED** to the District Court for the County of Douglas, Colorado, where it was filed as Case No. 2015CV030574.

DATED September 10, 2015.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge